Dear Mr. Facione:
You have requested the opinion of this office as to whether, under the law governing the instruction of "Sex Education" in the State's public schools, the failure of a parent to sign and return a course consent form to the school may be considered automatic consent on the part of the parents. It is the opinion of this office that whether or not failure to return the consent form amounts to tacit consent of the parent must hinge on the school board's own policy and rules, and how it chooses to interpret this failure to sign and return the form.
LSA-R.S. 17:281 governs instruction in sex education in the public schools. Section 281(A) provides in part as follows:
 Section 281.A(1) "Any public elementary or secondary school in Louisiana may, but is not required to, offer instruction in subject matter designated as `sex education', provided such instructions and subject matter is integrated into an existing course of study such as biology, science, physical hygiene, or physical education . . . Whether or not instruction in such matter is offered and at what grade level it is to be offered shall be at the option of each public local or parish school board, provided that no such instruction shall be offered in kindergarten or in grades one through six . . ."
Pertinent to your inquiry is Subsection (D) of LSA-R.S. 17:281:
 "Any child may be excused from receiving instruction in `sex education' at the option and discretion of his parent or guardian.
The local or parish school board shall provide procedures for the administration of this Subsection."
Clearly the legislature intended that matters of parental consent be left in the hands of the local school boards, in which lies also the decision of whether or not to implement a program of "sex education" at all. Once a school board decides to implement such a program then under LSA-R.S. 17:281(D), the board must provide for the procedures whereby parental consent to enroll in such a course of study is obtained.
In other words, it is the responsibility of the school board to determine whether, as a matter of policy in the schools it administers, the failure of a parent to return a signed consent form so that their child may enroll in a "sex education" course will be interpreted as tacit consent for the child to enroll.
Should the board decide that it will as a matter of policy interpret the failure to return the consent form as tacit consent of the parents', we would suggest the board first take steps to disseminate to parents knowledge of this policy. By informing parents of this policy, through letters mailed directly to parents and through local media, the burden is placed on the parent to expressly state that they do not wish the child to participate in such courses. This is in keeping with the language of LSA-R.S. 17:281(D), that "[a]ny child may be excused" from such instruction, as opposed to language suggesting that consent must be actively sought by the school.
We hope that this has answered your request. Please contact us if we may be of further assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0172p